3/22/05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SHUTTSCO, INC., <br> A corporation. <br><br> Plaintiff, <br><br> v. <br><br> ANGEL GUARD <br> PRODUCTS, INC., <br> A corporation, and, <br> CASEY CORMIER, <br> An individual. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) COMPLAINT <br> ) <br> ) **05-40058 FDS** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORIGINAL**

**Parties.**

1.  At all times relevant to this Complaint, the Plaintiff, Shuttsco, Inc., is a Florida corporation with a principal place of business located in Spring Hill, Florida.

2.  At all times relevant to this Complaint, the Defendant, Angel Guard Products, Inc. ("AGP"), is a Massachusetts corporation with a principal place of business located at 70 James St. in Worcester, Massachusetts, 01603.

3.  At all times relevant to this Complaint and upon information and belief, the Defendant, Casey Cormier, is an individual and employee and/or agent of the Defendant, AGP who currently resides in Massachusetts with a resident address located at 42 Lincoln St. in Spencer, Massachusetts, 01562.

RECEIPT # 404543
AMOUNT $ 250.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ✓
BY DPTY. CLK.
D... 3-30-05

1

## Jurisdiction and Venue.

4. This Court has original jurisdiction over the claim arising under the Lanham Act pursuant to 15 U.S.C. § 1121 and pursuant to 28 U.S.C. §§ 1331 and 1338. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper within this District based on 28 U.S.C. § 1391(a) in that the defendants reside in the District and all of the claims which form the subject matter of this action arose within this District.

## Background Facts.

6. At all times relevant to this Complaint, the Plaintiff is engaged in the manufacture and sale of a patented product called the "Sno-Rake" (the "Product") and has been doing so for twenty-five years through its corporate, registered name, Shuttsco, Inc., well before the Defendant, AGP corporation was even formed; the product is marketed as and is used to remove snow from an automobile in a safe manner following a snow storm and is sold to the public on a nationwide basis including without limitation both individuals and corporations alike through both traditional means and through its web site located at the URL address "www.snorake.com."

7. At all times relevant to this Complaint, the Plaintiff has generated considerable goodwill and business through the use of its web site and presence including, without limitation, significant procurement of sales and revenue through its web site.

8. At all times relevant to this Complaint, the Product has been sold with the Company name embossed in the Product, "Shuttsco", along side the Company's registered trademark, "Sno-Rake."

2

9. At all times relevant to this Complaint, the AGP has been manufacturing, distributing and selling a competing product called the "Auto SnoBrum" ( the "Defendant's Product") which is marketed and used for precisely the exact same purpose as the Sno-Rake.

10. At all times relevant to this Complaint, both the Plaintiff and AGP are engaged in the same business and directly compete with each other through the marketing and sale of competing products through both traditional means and through the Internet through their respective web sites.

11. At all times relevant to this Complaint, the Plaintiff has been using the name "Shuttsco" to identify its Company, the Product, the source thereof, and all goodwill associated with both the Company and the Product.

12. On or about January 12, 2005 and at all times relevant to this Complaint, the Defendant, Casey Cormier, employee and/or agent of AGP registered the domain name www.Shuttsco.com (the "Offending Domain Name") through the domain name registrar GoDaddy.com for a period of three years. (See a copy of the screen shot of the registration identification information for the Offending Domain Name "ODN" obtained through the "WHOIS" NetSol database maintained and accessed at the URL, GoDaddy.com attached hereto as Exhibit "A").

13. At all times relevant to this Complaint and as a result of the registration of the ODN, a "Google search" using the term "Shuttsco" will result in the production of the AGP's web site and URL address as a link second only to that of Shuttsco and framed as an "affiliate" and/or "sponsored link" of Shuttsco. (See a copy of the screen shot of the

3

result for the "Google search" using the term "Shuttsco" obtained through the URL address located at www.Google.com attached hereto as Exhibit "B").

14. At all times relevant to this Complaint, Google.com is a search engine which controls approximately fifty percent of all search engine traffic; millions of people use the Google search engine daily to find products and services online.

15. At all times relevant to this Complaint and as the result of the Defendants' registration of the ODN and resulting search engine results in using the term "Shuttsco" at the URL located at www.Google.com, the Plaintiff has willfully and deliberately caused consumer confusion as to the source and goodwill associated with the name "Shuttsco", the Company and the Product resulting in damages to the Plaintiff.

**(COUNT ONE)**
**FEDERAL UNFAIR COMPETITION – FALSE DESIGNATION OF ORIGIN**
**(VIOLATION OF §43(a) OF THE LANHAM ACT)**

16. Plaintiff restates and reincorporates the preceding paragraphs as if fully set forth herein.

17. At all times relevant to this Complaint, Defendants' unauthorized registration, maintenance and use of the ODN constitute use of a false designation of origin or a false or misleading representation, which wrongfully and falsely designates, describes and represents the origin of the Defendants' web site as being from or being connected with the Plaintiff and is likely to cause confusion as to the origin of Plaintiff's products as well as confusion as to AGP's affiliation, connection or association with the Plaintiff.

18. At all times relevant to this Complaint, Defendants' unauthorized registration, maintenance and use of the ODN constitutes a commercial use in interstate commerce.

4

19. At all times relevant to this Complaint, AGP's acts constitute unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

20. At all times relevant to this Complaint, Plaintiff has been damaged and is entitled to an injunction as to AGP's commercial use of Plaintiff's corporate name as such use will clearly cause irreparable harm.

WHEREFORE, for the foregoing reasons, Plaintiff seeks entry of judgment against AGP for all damages sustained, treble damages, for the deliberate, willful and egregious violation of the rights of Plaintiff and the Lanham Act, all attorney's fees and costs and all interest obtained thereon.

### (COUNT TWO)
### COMMONWEALTH TRADEMARK DILUTION
### (VIOLATION OF MASS. GAN. LAW C. 110B § 12)

21. Plaintiff restates and reincorporates the preceding paragraphs as if fully set forth herein.

22. At all times relevant to this Complaint, the SHUTTSCO name has been used in commerce for over twenty-five years and has been used to denote the same business since its formation over twenty-five years ago; SHUTTSCO has invested a great deal of time and expense in developing its name, goodwill and reputation.

23. At all times relevant to this Complaint, Defendants' unauthorized registration, maintenance and use of the ODN in the Commonwealth of Massachusetts and in commerce have lessened and diluted the distinctive quality of SHUTTSCO'S Mark, which, at a minimum is valid at common law, and will continue to dilute the distinctive quality of the Mark absent the entry of an Order restraining the Defendants from continued use.

24. At all times relevant to this Complaint, c. 110B § 12 provides as follows:

> Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark registered under this chapter, or a mark valid at common law, or a trade name valid at common law, shall be a ground for injunctive relief notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services. (Mass. Gen. Law c. 110B § 12).

25. At all times relevant to this Complaint, Defendants' acts constitute trademark dilution in violation of the statute; the Plaintiff is, therefore, entitled to injunctive relief provided for in said statute.

### (COUNT THREE)
### COMMONWEALTH UNFAIR METHODS OF COMPETITION AND DECEPTIVE PRACTICES
### (VIOLATION OF MASS. GEN. LAW C. 93A §§ TWO AND ELEVEN)

26. Plaintiff restates and reincorporates the preceding paragraphs as if fully set forth herein.

27. At all times relevant to this Complaint, Defendants' unauthorized registration, maintenance and use of the ODN constitute use of a false designation of origin or a false or misleading representation, which wrongfully and falsely designates, describes and represents the origin of the Defendants' web site as being from or being connected with the Plaintiff and is likely to cause confusion as to the origin of Plaintiff's products as well as confusion as to AGP's affiliation, connection or association with the Plaintiff.

28. At all times relevant to this Complaint, Defendants' acts constitute unfair and deceptive acts, unfair competition through willful, knowing and egregious acts in violation of Mass. Gen. Law c. 93A §§ Two and Eleven.

WHEREFORE, for the foregoing reasons, Plaintiff seeks entry of judgment against AGP for all damages sustained, treble damages, for the deliberate, willful and

6

egregious violation of the rights of Plaintiff, c. 93A and the Lanham Act, all attorney's fees and costs and all interest obtained thereon including the following:

(a) That Defendants immediately cease and desist all uses of the ODN;

(b) That this Court enter an Order against the Defendants retraining the

(c) Defendants from any further use of the ODN;

(d) That Defendants relinquish all rights and title to the ODN to the Plaintiff;

(e) That this court enter judgment against the Defendants for all compensatory damages pleaded and proved to be trebled pursuant to Mass. Gen. Law c. 93A, 15 U.S.C. § 1117, or both; order an accounting and restitution of any profits the Defendants have gained through the use of the ODN to be trebled pursuant to 15 U.S.C. § 1117; award all attorney's fees and costs and damages for willful infringement pursuant to 15 U.S.C. § 1117; and order to transfer all rights and title to the ODN to the Plaintiff.

## JURY DEMAND

Plaintiff demands a trial by jury on all Counts set forth herein.

Respectfully submitted,
On behalf of SHUTTSCO, INC.
Counsel for Plaintiff,

March 21, 05

Jerrold G. Neeff
The Bostonian Law Group
33 Kingston St., Fourth Fl.
Boston, MA 02111
(617) 338-1046
Jerry@Bostonianlaw.com
BBO# 635307

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

05-40058FDS

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
SHUTTSCO, INC.

**DEFENDANTS**
ANGEL GUARD PRODUCTS, INC.
MR. CASEY CORMIER

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: FLORIDA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
JERROLD G. NEEFF
BOSTONIAN LAW GRP.
33 KINGSTON ST., BOSTON, MA 02111

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
FEDERAL UNFAIR COMPETITION, SECTION 43(a), LANHAM ACT.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 100,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S)** (See instructions):
IF ANY
JUDGE _____   DOCKET NUMBER _____

DATE: 3·28·05
SIGNATURE OF ATTORNEY OF RECORD: Jerrold G. Neeff

FOR OFFICE USE ONLY

RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

05-40058

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __SHUTTSCO, INC.__ v. __ANGEL GUARD PRODUCTS, INC.__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,       *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

    ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

    _X_ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

    ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

_____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ___  NO (X)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES ___  NO (X)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ___  NO ___

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES ___  NO (X)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   YES ___  NO (X)

    A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
       EASTERN DIVISION     CENTRAL DIVISION     WESTERN DIVISION

    B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
       EASTERN DIVISION    (CENTRAL DIVISION)     WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __JERROLD G. NEEFF__
ADDRESS __33 KINGSTON ST. BOSTON, MA 02111__
TELEPHONE NO. __(617) 338-1046__

(Cover sheet local.wpd - 11/27/00)